UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MICHAEL ALI,

                              Plaintiff,

    -against-

CITY OF NEW YORK, DANIEL DELPINO, Individually,
and JOHN AND JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                              Defendants.
-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

    Plaintiff MICHAEL ALI, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## **JURISDICTION**

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## **VENUE**

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MICHAEL ALI is a nineteen-year-old man residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DANIEL DELPINO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On March 13, 2017, at approximately 12:00 p.m., plaintiff MICHAEL ALI was walking in the vicinity of the Northeast Corner of Steuben Street and Rhine Avenue, Staten Island, New York.

13. Plaintiff and approximately five classmates were returning from their lunch break and walking in the street on Rhine Avenue, towards Concord High School, which is located at 109 Rhine Avenue, Staten Island, New York.

14. Plaintiff and his friends were not blocking traffic.

15. As they were walking in the street, a NYPD patrol car approached and the grouped moved out of the way, allowing the vehicle to pass.

16. Plaintiff and his friends continued on their way to Concord High School without incident.

17. Sometime thereafter, while plaintiff was in the school cafeteria, a defendant officer, believed to be the passenger in the police car which had earlier driven past plaintiff, joined by at least two additional defendant officers, approached plaintiff from behind.

18. An officer grabbed plaintiff's arm without warning.

19. The defendant officers then proceeded to take plaintiff down to the ground by kicking out his legs from under him.

20. Plaintiff's chin stuck the cafeteria floor.

21. Defendant officers grabbed plaintiff's arms, rear-handcuffing him in an overtight manner.  One of the defendant officers bore his knee with all his weight into plaintiff's back while he lay face down on the floor being handcuffed.

22. Plaintiff did not disobey any lawful orders and did not resist arrest.

23.     Defendant officers lifted plaintiff off the floor and escorted him out of the cafeteria.

24.     The cafeteria was full of plaintiff's classmates, friends, and school staff. Plaintiff was humiliated and embarrassed as he was assaulted and arrested in front of his peers and school faculty.

25.     Defendant officers imprisoned ALI in a police vehicle, and thereafter transported him to the NYPD 120th Precinct against his will.

26.     Plaintiff informed the defendant officers in the police vehicle that his handcuffs were too tight and were hurting his wrists. The defendant officers in the vehicle refused to loosen plaintiff's overtight handcuffs when he asked.

27.     The defendant officers continued to imprison ALI until March 15, 2017, when ALI was released following his arraignment in Richmond County Criminal Court on baseless charges filed under docket number 2017RI002055; said charges having been filed based on the false allegations of defendant DANIEL DELPINO, who conspired with defendants JOHN and JANE DOE 1 through 10 to provide false information and evidence to the Richmond County District Attorney's Officer.

28.     After his release from custody, plaintiff sought treatment for, *inter alia,* pain and contusions to his left wrist and elbow, pain to his mid-back, and contusions to his right elbow and ribs.

29.     The defendants' false allegations, which resulted in ALI'S arrest and prosecution, included that: (1) ALI was arrested for refusing to stop when defendant DELPINO approached to issue him a summons for standing in the middle of the street and blocking traffic; and (2) ALI pulled his arms away and refused to be handcuffed.

30. Said false evidence was used against plaintiff and formed the basis of the criminal charges filed against plaintiff.

31. The defendant officers initiated said prosecution with malice, and otherwise caused the prosecution to be commenced against plaintiff without probable cause.

32. Over the course of the next three and a half months, the malicious prosecution compelled plaintiff to return to Richmond County Criminal Court on two occasions until June 29, 2017, on which date all the false allegations of the defendant officers were dismissed and sealed.

33. Defendants DELPINO and JOHN and/or JANE 1 through 10 either directly participated in the use of force, false arrest, manufacturing of evidence, and/or malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring.

34. As a result of the defendants conduct plaintiff suffered, *inter alia*, pain to his chin, wrists, back, and elbows, loss of liberty, and emotional distress.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of falsification, use of excessive force, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

37. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK

is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse to avoid discipline for their unlawful conduct.

38.  For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

39.  Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at https://www1.nyc.gov/assets/doi/press-releases/2015/oct/pr_uofrpt_100115.pdf.  Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force."  The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

40.  Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights as well as physical injuries to civilians.  Despite

such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

41. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

42. As a result of the foregoing, plaintiff MICHAEL ALI sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants arrested plaintiff MICHAEL ALI, without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

45. Defendants caused plaintiff MICHAEL ALI to be falsely arrested and unlawfully imprisoned.

46. As a result of the foregoing, plaintiff MICHAEL ALI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MICHAEL ALI's constitutional rights.

49. As a result of the aforementioned conduct of defendants, plaintiff MICHAEL ALI was subjected to excessive force and sustained physical and emotional injuries.

50. As a result of the foregoing, plaintiff MICHAEL ALI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants initiated, commenced and continued a malicious prosecution against plaintiff MICHAEL ALI.

53. Defendants caused plaintiff MICHAEL ALI to be prosecuted without probable cause until the charges were dismissed and sealed on or about June 29, 2017.

54. As a result of the foregoing, plaintiff MICHAEL ALI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants created false evidence against plaintiff MICHAEL ALI.

57. Defendants utilized this false evidence against plaintiff MICHAEL ALI in legal proceedings.

58. As a result of defendants' creation and use of false evidence, plaintiff MICHAEL ALI suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

59. As a result of the foregoing, plaintiff MICHAEL ALI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

62. The defendants failed to intervene to prevent the unlawful conduct described herein.

63. As a result of the foregoing, plaintiff was subjected to excessive force, his liberty was restricted, he was put in fear of his safety, and he was humiliated and subjected to

handcuffing and other physical restraints.

64. As a result of the foregoing, plaintiff MICHAEL ALI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

67. As a result of the foregoing, plaintiff MICHAEL ALI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70. The aforementioned customs, policies, usages, practices, procedures and rules of

the New York City Police Department included, but were not limited to, subjecting citizens to excessive force, arresting individuals without probable cause and engaging in a practice of falsification to cover up their abuse of authority. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

72. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

74. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK plaintiff MICHAEL ALI was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

75. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

76. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from excessive force;

    D. To be free from the fabrication of evidence;

    E. To be free from malicious prosecution; and

    F. To be free from the failure to intervene.

77. As a result of the foregoing, plaintiff MICHAEL ALI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MICHAEL ALI demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated:  New York, New York
        January 2, 2020

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff MICHAEL ALI
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By:  *Brett Klein*
>      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X

MICHAEL ALI,

                                    Plaintiff,

     -against-

CITY OF NEW YORK, DANIEL DELPINO, Individually,
and JOHN AND JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                    Defendants.
----------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132